Bapaz NYC W. St Group LLC v Assa Props. Inc.

2026 NY Slip Op 03061

May 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Bapaz NYC West St Group LLC, Plaintiff-Respondent,

v

Assa Properties Inc. et al., Defendants-Respondents. NYC 46th Street LLC Proposed Intervenor-Appellant.

Decided and Entered: May 14, 2026

Index No. 652456/18|Appeal No. 6624|Case No. 2025-07218|

Before: Webber, J.P., González, Pitt-Burke, Higgitt, Hagler, JJ.

Law Office of Robert M. Kaplan, White Plains (Robert M. Kaplan of counsel), for appellant.

Castro Law Group PLLC, New York (Claude Castro of counsel) and Law Office of D. Paul Martin PLLC, New York (D. Paul Martin of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about April 15, 2025, which denied the motion of proposed intervenor NYC 46th Street LLC motion to intervene and, upon intervention, to vacate or modify a prior judgment, unanimously affirmed, without costs.

Supreme Court properly denied the proposed intervenor's motion. Although intervention is to be liberally granted (see CPLR 1012, 1013), whether sought as of right or in the court's discretion, such relief is warranted only where the proposed intervenor demonstrates a real and substantial interest in the outcome of the proceeding (see Sieger v Sieger, 297 AD2d 33, 36 [2d Dept 2002], lv dismissed 99 NY2d 651 [2003]). Here, the proposed intervenor seeks to intervene based on its contention that it is a necessary or indispensable party with a real and substantial interest in the action because Supreme Court's summary judgment order dated March 12, 2024 improperly granted rescission of the purchase agreement that conveyed the proposed intervenor's membership interest in defendant West 46th Street Investors LLC. According to the proposed intervenor, the interest that it had acquired by way of the purchase agreement had already been recognized, but is now being called into question by Supreme Court's summary judgment order.

This argument is without merit. Although Supreme Court's order awarded plaintiff breach of contract damages in the amount of the purchase price, there was no rescission of the purchase agreement, and therefore, no requirement that the proposed intervenor return its acquired membership interest in West 46th Street Investors. Indeed, in a decision in a prior appeal in this action, this Court specifically found that plaintiff did not seek rescission, the motion court did not grant rescission, and the judgment appealed from was one for money damages (see Bapaz NYC W. 46 St Group LLC v ASSA Props. Inc., 238 AD3d 654, 655 [1st Dept 2025]).

We have considered the proposed intervenor's remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 14, 2026